Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3178 | **DATE** | 11/7/2011 |
| **CASE TITLE** | Todd Williams vs. Illinois Department of Human Services et al. | | |

**DOCKET ENTRY TEXT**

For the reasons listed in the Statement section of this order, Defendants Illinois Department of Human Services and Robert Kilbury's "Motion to Dismiss the Plaintiff's Complaint" [15] is granted. This case is dismissed in its entirety. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff Todd Williams filed a Complaint (Dkt. No. 1) seeking review under 34 C.F.R. 361.57(i)(1) of the decision of the Illinois Department of Human Services ("DHS") to deny his request to fund his self employment plan.

     Because Williams suffers from language and learning disabilities, he is eligible for vocational rehabilitation services from DHS. (Compl. 2.) In August, 2009, he applied for funding from DHS to start a business under Ill. Admin. Code tit. 89, §§ 590.310-370 (2011). (Compl., Ex. 13, at 2.) His application was rejected, so Williams appealed for a hearing before an impartial hearing officer. (*Id.*) That officer denied the appeal. (*Id.* at 6.) Prior to bringing his complaint in this court, Williams sought and obtained review of the DHS decision in the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois. (Compl., Ex. 14.) On May 4, 2011, the circuit court affirmed the final administrative decision of DHS, finding that it was "not against the manifest weight of the evidence." (*Id.*)

     Thereafter, on May 13, 2011, Williams filed his complaint in this court again seeking review of the DHS decision. Pending before the court is DHS's "Motion to Dismiss the Plaintiff's Complaint" (Dkt. No. 15), which contends that Williams's action is barred by the Rooker-Feldman doctrine.

     The Rooker-Feldman doctrine implements the principle that the United States Supreme Court is generally the only federal court that can properly review state court decisions because "[f]ederal district courts . . . are empowered to exercise original, not appellate, jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The doctrine bars "the losing party in state court [from filing a] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* at 291-92. That is precisely what Williams is attempting to do here, as his federal action asks for essentially the same relief he sought in his state court suit: an order reversing DHS's decision and ordering DHS to fund his business plan.

     In an attempt to avoid the effect of the Rooker-Feldman doctrine, Williams contends that the decision of the Illinois circuit court was not a judicial decision, but was rather another level of administrative review. In

| STATEMENT |
|---|

support, he notes that 34 C.F.R. § 361.57(g) allows states to implement another discretionary level of administrative review of denials of vocational rehabilitation services. Because Illinois has not otherwise implemented that level of review, he argues, the Illinois circuit court must have been acting under § 361.57(g) as part of the administrative review process.

    Williams's argument is creative, but incorrect. First, he cites no law indicating that Illinois has designated the circuit courts to carry out administrative review under § 361.57(g). Second, judges of the circuit court could not possibly carry out that administrative review, because the § 361.57(g) review "must be conducted by [t]he chief official of the designated State agency [DHS] . . . or [a]n official from the office of the governor." 34 C.F.R. § 361.57(g)(2). Consequently, the Circuit Court of the Nineteenth Judicial Circuit was acting as a judicial body when it affirmed DHS's decision. The Rooker-Feldman doctrine thus applies and deprives the court of subject matter jurisdiction over Williams's claim.

    Of course, Williams may have an argument that the circuit court applied the wrong standard when reviewing the DHS decision. *See Reaves v. Mo. Dep't of Elementary and Secondary Educ.*, 422 F.3d 675, 681 (8th Cir. 2005) (concluding that a court reviewing an agency decision under the standard articulated in 34 C.F.R. § 361.57(i) should use a "preponderance of the evidence," rather than a "manifest weight of the evidence" standard). The proper forum for that argument, however, is the Illinois appellate courts and ultimately the United States Supreme Court. Under the Rooker-Feldman doctrine, a federal district court cannot review a state court decision, no matter how erroneous.

    DHS's "Motion to Dismiss the Plaintiff's Complaint" (Dkt. No. 15) is granted.

*James F. Holderman* (signature)